IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JERRY LEE MASKE** | § | |
| | § | |
| **V.** | § | A-13-CV-717-SS |
| | § | |
| **IBM CORPORATION** | § | |
| | § | |

## ORDER ON *IN FORMA PAUPERIS* STATUS AND REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS

Before the Court is Jerry Lee Maske's ("Maske") Application to Proceed *In Forma Pauperis* (Dkt. No. 1).[1] The District Court referred the above-motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing Maske's Financial Affidavit in support of his *in forma pauperis* motion, the Court finds that he is indigent. Accordingly, the Court HEREBY GRANTS Maske *in forma pauperis* status and ORDERS his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Maske is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs

---

[1] Maske was previously granted *in forma pauperis* status in another lawsuit before this Court– *Maske v. University of Phoenix*, A-13-CV-697-SS.

of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a § 1915(e) review of the claims made in Maske's Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon Defendant should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.  SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

Because Maske has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review the Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact," *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3rd Cir. 1995).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). A pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no

set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

**A.  Factual Allegations and Claims**

Maske asserts that he was employed by IBM Corporation. He complains that when he filed a disability discrimination complaint against IBM with the EEOC, IBM "intentionally disclosed my protected health information to the EEOC alleging I was terminated for forging medical records." Complaint at p. 1. Maske requests $1,000 in compensatory damages for IBM's "breach of the HIPAA Privacy Rule." *Id.* at p. 2.

**B.  Analysis**

The standard for determining whether a complaint fails to state a claim under § 1915(e) is identical to the standard used when ruling on a Rule 12(b)(6) motion. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard in dismissing for failure to state a claim under § 1915(e)(2)(B)). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949.

The Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. No. 104-191, 110 Stat. 1936 (1996) (codified primarily in Titles 18, 26 and 42 of the United States Code), provides both civil and criminal penalties for improper disclosures of medical information.

3

42 U.S.C. §§ 1320d-5, d-6.  However, HIPAA limits enforcement of the statute to the Secretary of Health and Human Services. *Id.*  HIPAA does not provide an express or implied private cause of action.  *See Acars v. Banks*, 470 F.3d 569, 571–72 (5th Cir. 2006).  Thus, Plaintiff's complaint lacks an arguable basis in law and should be dismissed as frivolous under § 1915(e).

### III.  ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Maske *in forma pauperis* status (Dkt. No. 1).  Service upon Defendant should be withheld pending the District Court's review of the recommendations made in this report.  If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendant. Further, the undersigned **RECOMMENDS** that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the District Court **DISMISS** this case **WITHOUT PREJUDICE**.  The Magistrate **FURTHER RECOMMENDS** that the District Court **ENTER** the warnings outlined above.

This is the second cause of action Maske has filed that the undersigned has recommended be dismissed as frivolous.  Both cases were filed within a one week period.  The court possesses the inherent power "to protect the efficient and orderly administration of justice," including "the power to levy sanctions in response to abusive litigation practices." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).  *Id*.  Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims.  FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993).  Thus, it is **FURTHER RECOMMENDED** that the district judge warn Maske that if he continues to file meritless, vague, and impossible claims, the Court may sanction him in the future.  Such sanctions may include a broad injunction, barring him from filing any future actions in the Western District of Texas without leave of court, as well as monetary sanctions.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 27th day of August, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE